IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:20-CV-01897 |
| | § | |
| D. R. HORTON-TEXAS, LTD. | § | |
| Defendant. | § | |

# D. R. HORTON-TEXAS, LTD.'S RULE 12(b)(6) MOTION TO DISMISS

## Preliminary Statement

This suit is the latest in the Collinses' five-year attempt to hinder and delay Horton's development of its Foster's Ridge subdivision, which abuts the Collinses' property. The Collinses have repeatedly claimed that a 1944 federal-court judgment establishing the boundaries of the surveys where the Horton and Collins properties are located is void and should be set aside. The Collinses have made these claims in the state district court in Montgomery County, and in the Fourteenth Court of Appeals (which affirmed the state-court judgment in Horton's favor), in the Texas Supreme Court (which denied the Collinses' petition for review), and, most recently, in the United States Supreme Court (which denied the Collinses' petition for a writ of certiorari).

In this Complaint, Collins is making the same claim that he and his wife have unsuccessfully made before—that the 1944 judgment is void and should be set aside.

Because the Complaint involves the same parties and issues as the previous suit, Collins cannot recover in this case and the case should be dismissed.

## Brief Facts

At its core, this case involves the ownership of land in Montgomery County, Texas, which Horton purchased to develop a subdivision.[1] While Horton was surveying the property in preparation for its development, the Collinses erected a fence 100 feet inside Horton's property, which abuts the Collinses' property on the north—and claimed the property as their own. Horton sued the Collinses to quiet title, for trespass, and for a declaration on the boundaries of the Horton and Collins properties. The Collinses counterclaimed for adverse possession of the 100-foot strip that they fenced. More than a year later, the Collinses alleged that the 100-foot strip was actually located within a different survey—the Sieberman Survey—and they claimed title to this survey by acquiring quitclaim deeds from persons related to the Sieberman heirs while that suit was pending.

Horton filed a motion for partial summary judgment for a declaration that the Collinses could not claim property rights to the Sieberman Survey because a 1944 federal court judgment established the boundaries of the James Hodge Survey—where the Horton property is located—and the David Thomas Survey—where the Collinses' property is located, with no Sieberman Survey between them. Horton's motion for

---

[1] The facts stated in this motion are in the court of appeals' opinion, *Collins v. D. R. Horton-Texas, Ltd.,* 574 S.W.3d 39 (Tex. App.—Houston [14th Dist.] 2018, pet. denied), a copy of which is attached as Exhibit A. Additional facts are in Horton's Motion for Partial Summary Judgment (Sieberman Survey Issue) filed in the trial court, attached to this motion as Exhibit B.

partial summary judgment was also based on the fact that the Collinses' deed referred to the 1944 judgment that established the survey boundaries and, as such, they were estopped to assert any rights to the Sieberman Survey. The 1944 judgment establishing the survey boundaries is attached as Exhibit C. This judgment was affirmed by the Fifth Circuit in *McComb v. McCormack,* 159 F.2d 219 (5th Cir. 1947). (Exhibit D).

The trial court granted Horton's motion, ordering that the Collinses take nothing on their claims related in any way to the Sieberman Survey. (Exhibit E). A jury trial was held on the Collinses' adverse possession counterclaims, and the jury found for Horton on all issues and the court signed a final judgment canceling the Collinses' adverse possession affidavit and quieting title of the disputed property in Horton. (Exhibit F). The Fourteenth Court of Appeals affirmed this judgment. *Collins v. D. R. Horton-Texas, Ltd.,* 574 S.W.3d 39 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). (Exhibit A).

This case should be dismissed because res judicata bars Collins's suit.

## Arguments and Authorities

Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005). Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. *Stone v. Louisiana Dep't of Revenue,* 590 F. App'x 332, 335-36 (5th Cir. 2014). Res judicata applies when: (a) the parties are the same in both actions; (b) the judgment in the prior action was rendered by a court of competent jurisdiction; (c) the final

judgment was on the merits; and (d) the same claim or cause of action was involved in both actions. *Test Masters,* 428 F.3d at 571. Here, all four elements are met because Collins seeks to void and vacate the 1944 judgment, which is the same claim that he (and his wife, Toni Collins) made in the state-court action in Montgomery County, and on appeal to the Fourteenth Court of Appeals, the Texas Supreme Court, and the United States Supreme Court.

1. **The parties are identical in both cases.**

As to the first element, the parties here and in the Montgomery County suit are the same. D. R. Horton-Texas, Ltd. was the plaintiff and counter-defendant in the state court case, and James K. Collins, M.D. was a defendant and counter-plaintiff in that suit. (Collinses' First Amended Original Answer, Affirmative Defenses and Counter-claims attached as Exhibit G). Here, James K. Collins, M.D. is the plaintiff and D. R. Horton-Texas, Ltd. is the defendant. (Toni Collins, James K. Collins's wife, was also a counter-plaintiff in the state court suit, and represents her husband in this case).

2. **The previous judgment was rendered by a court of competent jurisdiction.**

The second res judicata element was also met. The judgment in the prior action was rendered by a court of competent jurisdiction—the district court in Montgomery County, Texas. Additionally, the Fourteenth Court of Appeals—another court of competent jurisdiction—affirmed the district court's judgment, and two other courts of competent jurisdiction—the Texas Supreme Court and the United States Supreme Court—refused to hear any further appeals of the final judgment.

3. **The prior action was concluded by a final judgment.**

The third res judicata element was also met, as the prior action was concluded by a final judgment on the merits. The Montgomery County district court granted a partial summary judgment in Horton's favor on the Sieberman Survey issue, which involved the effect of the 1944 judgment on the survey issue before that court. (Exhibit E). This partial summary judgment was made final when, after the jury ruled against the Collinses on their remaining claims, the trial court signed a judgment that the Collinses take nothing on any of their claims, and quieted title to the disputed property in Horton. (Exhibit F).

4. **The same claim was involved in both cases.**

The fourth res judicata element was met because the same claim or cause of action was involved in both actions. To determine whether two actions involve the same claim or cause of action, the court applies a transactional test, in which the critical question is whether both claims derive from the same nucleus of operative facts. *McIntyre v. Ben E. Keith Co.,* 754 F. App'x 262, 265 (5th Cir. 2018).

A comparison of Collins's Complaint in this suit and the facts alleged by him in the state court proceeding shows that the allegations and facts are the same in both. In his Complaint, Collins attacks the 1944 judgment, which established the survey boundaries of the James Hodge and David Thomas Surveys. Collins asserts that the 1944 judgment is void and unenforceable and should be vacated because certain parties were never joined in that suit. (Complaint, pars. 19-27). Collins made the same attack on the 1944 judgment in the Montgomery County litigation. In their state court

counterclaim, the Collinses claimed that the 1944 judgment was void as to the Sieberman heirs, as they were not joined as parties to the suit. (Exhibit G, pp. 9-10).

The Collinses continued to attack the 1944 judgment in their responses to Horton's motion for summary judgment filed in that case. In its motion, Horton relied on the 1944 judgment, arguing that the Collinses' claims to the Sieberman Survey had no merit because the 1944 judgment established that there was no Sieberman Survey, as the Court determined that the James Hodge Survey and David Thomas Survey adjoined, with no Sieberman Survey in between. (Exhibit B). In reply, the Collinses argued that the 1944 judgment was void as to the Sieberman heirs as they were never served. (Defendants' Response to Plaintiff's Motion for Partial Summary Judgment and Defendants' Sur-Response to Plaintiff's Reply to Defendant's Response to Motion for Partial Summary Judgment, attached as Exhibits H and I, respectively).

The 1944 judgment was also the focus of the Collinses' appellate brief, filed in their appeal of the trial court's final judgment. In that brief, the Collinses argued that the 1944 judgment was void because the Sieberman Survey owners were not joined in the suit and that the judgment violated the 14th Amendment of the United States Constitution. In fact, the asserted invalidity of the 1944 judgment was the entire focus of the Collinses' appeal. (Brief of Appellants in No. 14-17-00764-CV; *Collins v. D. R. Horton-Texas, Ltd.,* attached as Exhibit J).

The exhibits attached in support of the Complaint offer further proof that the same nucleus of operative facts is involved in both suits. Collins attaches 14 exhibits to his Complaint. (Complaint, par. 15, Exhibits A-M). Virtually all of these exhibits

were either attached as a part of the Collinses' summary judgment evidence in reply to Horton's motion for partial summary judgment in the state court suit, or were attached as appendices to the Collinses' appellate brief filed in the appeal from that order. Exhibits A, B, E, and H of the Complaint were exhibits to Collinses' summary judgment response, and Exhibits C, D1, E, F, I, J, K, and L of the Complaint were appendices to the Collinses' appellate brief. The evidence that Collins attaches in support of his Complaint is identical to the evidence he used to support his claims in the trial court because the same nucleus of operative facts underlies both cases—the validity of the 1944 judgment.

The Collinses' Petition for Writ of Certiorari (Exhibit K) shows just how identical the claims are in the cases. The Petition for Certiorari is an attempted appeal from the trial court's decision granting the Hortons' motion for partial summary judgment based on the 1944 judgment. The Petition makes the same claims that are made in the present Complaint. In the Petition, the Collinses argue that the 1944 judgment was void and should be set aside as a fraud on the Court under Rule 60(b)(3) and (4). They also argue that the decision violates the 10th and 14th Amendments of the United States Constitution because the Sieberman heirs were never served with process. (Exhibit K, pp. 2-22).

Collins makes the same claims in his Complaint. He argues that the judgment should be vacated under the authority of Rule 60(b)(3) and (4) and that the judgment violates the Constitution's 10th and 14th Amendments. (Complaint, pars. 28-69).

Proof that the facts underlying both cases are the same is shown by comparing the Complaint and the Petition for Certiorari. The statement of facts in the Complaint is a word-for-word copy of the fact statement in the Petition for Writ of Certiorari. Paragraphs 16-21 of the Complaint are copied verbatim from the Petition, as well as most of paragraphs 24 and 25. Likewise, the legal arguments in both are the same. In fact, Collins's Constitutional argument in paragraphs 37-41 of the Complaint is an exact copy of the argument made in his Petition for Writ of Certiorari.

The same claim or cause of action—the validity of the 1944 judgment—is involved in both cases, and res judicata bars Collins's suit.

## Conclusion

Because all of the elements are met, res judicata applies to bar the claims in this case, and the case should be dismissed.

Respectfully submitted,

By:     /s/ Ben A. Baring, Jr.
PAUL J. McCONNELL, III
pmcconnell@dhmtlaw.com
State Bar No.: 13447500
Federal I.D. No.: 1749
BEN A. BARING, JR.
bbaring@dhmtlaw.com
State Bar No. 01739050
Federal I.D. No.: 1541
R. TRAVIS PIPER
tpiper@dhmtlaw.com
State Bar No.: 24070421
Federal I.D. No.: 1106341
1177 West Loop South, Suite 1700
Houston, Texas 77027
Phone No.: (713) 871-2000
Fax No.: (713) 871-2020

                                                                 By:   /s/ Carl R. Dawson
                                                                             CARL R. DAWSON
                                                                             cdawson@rdlaw.com
                                                                             State Bar No. 05599100
                                                                             Federal I.D. No. 16860
                                                                             770 South Post Oak Lane, Suite 600
                                                                             Houston, Texas  77056
                                                                             Phone No.:  (713) 955-8368
                                                                             Fax No.:  (713) 960-8491

OF COUNSEL:

DELANGE, HUDSPETH, MCCONNELL
& TIBBETS, L.L.P.
PAUL J. McCONNELL, III
pmcconnell@dhmtlaw.com
State Bar No.: 13447500
Federal I.D. No.:  1749
BEN A. BARING, JR.
bbaring@dhmtlaw.com
State Bar No. 01739050
Federal I.D. No.: 1541
R. TRAVIS PIPER
tpiper@dhmtlaw.com
State Bar No.:  24070421
Federal I.D. No.:  1106341
1177 West Loop South, Suite 1700
Houston, Texas 77027
Phone No.: (713) 871-2000
Fax No.: (713) 871-2020

RYAN & DAWSON
CARL R. DAWSON
cdawson@rdlaw.com
State Bar No. 05599100
Federal I.D. No. 16860
770 South Post Oak Lane, Suite 600
Houston, Texas  77056
Phone No.:  (713) 955-8368
Fax No.:  (713) 960-8491

*ATTORNEYS FOR DEFENDANT D. R. HORTON-TEXAS, LTD.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 19TH day of June, 2020, a true and correct copy of D. R. Horton-Texas, Ltd.'s Motion to Dismiss was sent to the following attorneys of record via E-Service Notification through the electronic filing service provider:

| Toni L. Sharretts Collins | Toni L. Sharretts Collins<br>Law Office of Toni L. Sharretts Collins<br>11054 North Hidden Oaks<br>Conroe, Texas 77384<br>iceattorney@aol.com<br>*Attorneys for Plaintiff* |
|---|---|

                                           /s/ Ben A. Baring, Jr.
                                           Ben A. Baring, Jr.