# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES K. COLLINS, M.D. | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. H-20-1897 |
| | § | |
| D. R. HORTON-TEXAS, LTD. | § | |
|    Defendant. | § | |

## D. R. HORTON-TEXAS, LTD.'S RESPONSE TO COLLINS'S MOTION FOR RECONSIDERATION

1. *Background*. Collins's motion for reconsideration presents nothing new. The same claims that Collins makes have been decided against him by four previous courts: the Montgomery County District Court, the Fourteenth Court of Appeals, the Texas Supreme Court, and the United States Supreme Court. For five years, the Collinses—James Collins, the plaintiff in this suit, and Toni Collins, his wife and attorney—have engaged in a nonstop campaign to hinder and delay Horton's development, which abuts the Collinses' property. The Collinses use the fact that Toni Collins is an attorney to harass Horton, cause Horton unnecessary delay in its development, and to needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1).

2. *Collins's motion for reconsideration should be denied*. Collins proves his improper motives in his motion for reconsideration by misrepresenting his claims, Horton's arguments, and this Court's decision. For example, Collins asserts that the facts in the Court's opinion are not "pertinent" to Collins's action because he did not sue over the same property, as the Court stated. Collins's Motion, p. 1. Of course, this is false. The same property—the Sieberman Survey that the Collinses claim to own—was the property at issue in both the state

court proceeding and in the present suit. The Collinses' pleading in the Montgomery County case shows that the Sieberman Survey was the property involved in that case:

> TRESPASS TO TRY TITLE TO SEIBERMAN TRACT
>
> 3.17 For further cause of action in Trespass to Try Title, Collins states that they are co-tenants in the Frederick Seiberman Survey A-497, Montgomery County, Texas. As co-tenants, Collins has standing to bring this action in Trespass to Try Title against Horton for trespass and to assert title to the F. Seiberman Survey A-497, Montgomery County, Texas and for a partition.

Collinses' First Amended Answer and Counterclaim, Par. 3.17.

After the Montgomery County District Court granted summary judgment in Horton's favor on the Sieberman Survey issue, the Fourteenth Court of Appeals affirmed. *Collins v. D.R. Horton-Texas, Ltd.*, 574 S.W.3d 39 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

Collins also claims that his trespass-to-try-title claim to the Sieberman Survey was not tried in the state court case, but that is also not true. The Montgomery County District Court granted Horton's summary judgment on *all* of Collins's causes of action related to the Sieberman Survey, which would include any trespass-to-try-title claim. Order granting Horton's motion for partial Summary Judgment, Exhibit E to Horton's Motion to Dismiss.

And contrary to Collins's claim, his complaint here involves the same property at issue in the state court suit—the Sieberman Survey:

> 9. COLLINS has standing because his record title ownership of the Sieberman Survey land, obtained through his descendants or successors in interest, was converted under the pretext of the Federal Judgment's validity.

Complaint, par. 9.

The Court was correct in dismissing this suit based on res judicata because not only was the same property involved in both suits, Collins makes the same claim in both suits: that the 1944 judgment establishing the survey boundaries of the James Hodge and David Thomas Surveys (with no Sieberman Survey in between) was void. In his complaint, Collins asserts that the 1944 judgment is void and unenforceable and should be vacated because certain parties were never joined in that suit. Complaint, pars. 19-27. He made the same attack on the 1944 judgment in the Montgomery County litigation. Collinses's First Amended Answer and Counterclaim, Exhibit G to Horton's Motion to Dismiss, pp. 9-10.

Amazingly, but consistent with the misrepresentations that the Collinses have made throughout this litigation, Collins asserts that Horton does not dispute that the 1944 federal court judgment that established the boundaries of the surveys is void as to the Sieberman Survey. Collins's Motion, p. 1. Of course, the opposite is true. As Collins knows, the 1944 judgment was the basis of Horton's motion for summary judgment in the state court litigation. Horton has always relied on the 1944 judgment and has disputed the Collinses' spurious claim that the judgment was void. Such a blatant falsehood might be overlooked were it made by a pro se party, but it is disappointing coming from an officer of the court. The motion for reconsideration should be denied.

### *Conclusion*

The Court was correct in dismissing Collins's case with prejudice based on res judicata. His motion for reconsideration should be denied.

Respectfully submitted,

By: /s/ Ben A. Baring, Jr.
    PAUL J. McCONNELL, III
    pmcconnell@dhmtlaw.com
    State Bar No.: 13447500
    Federal I.D. No.: 1749
    BEN A. BARING, JR.
    bbaring@dhmtlaw.com
    State Bar No. 01739050
    Federal I.D. No.: 1541
    R. TRAVIS PIPER
    tpiper@dhmtlaw.com
    State Bar No.: 24070421
    Federal I.D. No.: 1106341
    1177 West Loop South, Suite 1700
    Houston, Texas 77027
    Phone No.: (713) 871-2000
    Fax No.: (713) 871-2020

*ATTORNEYS FOR DEFENDANT*
*D. R. HORTON-TEXAS, LTD.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of August, 2020, a true and correct copy of D. R. Horton-Texas, Ltd.'s Response to Collins's Motion for Reconsideration was sent to the following attorneys of record by E-Service Notification through the electronic filing service provider:

| Toni L. Sharretts Collins | Toni L. Sharretts Collins<br>Law Office of Toni L. Sharretts Collins<br>11054 North Hidden Oaks<br>Conroe, Texas 77384<br>iceattorney@aol.com<br>*Attorneys for Plaintiff* |
|---|---|

    /s/ Ben A. Baring, Jr.
    Ben A. Baring, Jr.