IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES K. COLLINS, M.D.<br>    Plaintiff, | § § § | |
| V. | § § | Civil Action No. H-20-1897 |
| D. R. HORTON-TEXAS, LTD.<br>    Defendant. | § § § | |

## D. R. HORTON-TEXAS, LTD.'S SUR-REPLY TO COLLINS'S MOTION FOR RECONSIDERATION

*Background*. Collins's reply to Horton's response to Collins's motion for reconsideration contains multiple misstatements about the protracted procedural history in this dispute. The reason for Collins's distortions are clear—he has rehashed the same argument he has been making (in every possible venue) for the last five years. The claims Collins asserts here are identical to those that four previous courts have rejected: the Montgomery County District Court, the Fourteenth Court of Appeals, the Texas Supreme Court, and the United States Supreme Court. What *is* new is the depth to which Collins is willing to sink in the service of continuing this saga.

Collins's reply misstates Texas legal precedent in the most brazen manner possible—he simply changes the meaning of a sentence in a case by omitting the portions that Collins does not like. Collins also misstates Horton's long-held legal position to give the appearance of a "new fact issue" that does not exist. This is a waste

of the Court's time and resources and rises to the level of a Fed. R. Civ. P. 11(b) violation that would be sanctionable under Fed. R. Civ. P. 11(c). The Court should deny Collins's motion for reconsideration and the Court's order dismissing the case on res judicata grounds should stand.

***Collins has contested the validity of 1944 judgment throughout this dispute.***

Collins claims that he is raising the question of the 1944 judgment's validity in this suit for the first time. This is simply untrue. The 1944 judgment—which established the boundaries of the James Hodge Survey—has been unsuccessfully attacked by Collins at every stage of this lengthy legal battle. *See*: (1) Collins's counterclaim in the state court suit, Exhibit G to Horton's 12(b)(6) motion to dismiss; (2) Collins's appellate brief in the court of appeals, Exhibit J to Horton's 12(b)(6) motion to dismiss; (3) Collins's Petition for Writ of Certiorari, Exhibit K to Horton's 12(b)(6) motion to dismiss. He makes the same claims that the 1944 judgment is void in this case. *See* Collins's Complaint, pars. 19-27.

Not only have all the courts that considered Collins's claims rejected them based on the 1944 judgment, that judgment itself was affirmed by the Fifth Circuit. *McComb v. McCormack*, 159 F.2d 219 (5th Cir. 1947). The Fifth Circuit upheld the judgment in all respects, including the lower court's determination of the location and boundaries of the James Hodge Survey—the same issue Collins has endlessly relitigated 75 years later:

> In its judgment the court below established the James Hodge Survey by metes and bounds as shown by Boyles on his map…. At the trial the McComb defendants attempted to show by the testimony of a surveyor,

one Atkinson, that Boyles had incorrectly located the boundaries of the James Hodge Survey. At the trial they were the only one who actively disputed the Boyles survey. Boyles had located the lines of the James Hodge League by certain witness marks on the ground. None of the witness marks were originally placed by Wightman [the surveyor for the McComb defendants] but they had been accepted by everyone, surveyors and interested landowners alike, as the true boundaries of the James Hodge Survey…. The district court found that … the Boyles survey correctly located the James Hodge League and the divisions thereof. Since the record contains 'substantial credible evidence' to support the finding as to the Boyles survey and the other findings of fact, we may not disturb those findings.

159 F.2d at 224, 226.

Thus, not only have Collins's claims about the 1944 judgment been rejected by the Montgomery County District Court, the Fourteenth Court of Appeals, the Texas Supreme Court, and the United States Supreme Court, they have also—in effect—been rejected by the Fifth Circuit.

***Collins's trespass to try title claim has been made before and was rejected by the Montgomery County District Court.***

Collins makes the baffling argument that his trespass to try title claim is not barred by res judicata because "it is undisputed that no court has ever heard this issue or claim." Collins's Motion for Reconsideration, pg. 3. In fact, Collins made a trespass to try title claim as part of his First Amended Original Answer, Affirmative Defenses and Counterclaims, filed in the Montgomery County litigation. *See* pars. 3.5-3.28 of Exhibit G to Horton's 12(b)(6) motion to dismiss. The issue underlying that trespass to try title claim was—according to Collins's pleading—Horton's refusal to recognize Collins's "legitimate claim to ownership" of the Sieberman Survey—the same tract of land at issue in the current suit. The state district court disposed of all of Collins's

claims by granting Horton's motion for summary judgment on the Sieberman Survey issue. *See* Exhibit E to Horton's 12(b)(6) motion to dismiss.

To determine whether two actions involve the same claim or cause of action, the court applies a transactional test, in which the critical question is whether both claims derive from the same nucleus of operative facts. *McIntyre v. Ben E. Keith Co.,* 754 F. App'x 262, 265 (5th Cir. 2018). Collins's current trespass to try title claim involves the same facts as in the state court trespass to try title claim. This dispute has always been the same fight over ownership of the same tract. For that reason, the Court correctly determined that Collins's claims are barred by res judicata.

***Collins distorts the Fifth Circuit's Petro-Hunt holding to bolster his position.***

Because Collins knows that all of his state and federal actions stem from the same set of operative facts—and because he knows that this is fatal to his current cause of action—he has been reduced to misstating a holding of the Fifth Circuit to suit his position. Collins claims that factual similarities in cases cannot support res judicata, and purports to support his claim by quoting the Fifth Circuit in *Petro-Hunt v. United States* as stating, "the district court's reliance on factual similarities to find res judicata is misplaced." Collins's Reply, p. 4. Put simply, Collins has invented this quote by omitting language from it without noting that fact. What the *Petro-Hunt* court actually stated was, "the district court's reliance on the factual similarities **among the various servitudes and land acquisitions** was misplaced." *Petro-Hunt v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (emphasis added). *Petro-Hunt* involved a series of land

acquisitions and ten different properties. *Id*. The court was pointing out that, under a res judicata analysis, different pieces of property might possess unique sets of operative facts: "Neither the Plaintiffs nor the district court have identified a principle of *res judicata* that requires an owner of separate properties to litigate title to all of those properties in response to a threat to his right of full use and enjoyment of only one of them." *Id*. at 396-97.

This holding and Collins's argument have no bearing on this case, which involves a dispute over ownership of a single tract. When Collins encountered this crucial distinction, he simply removed it and tailored the legal precedent to suit his current needs. *Petro-Hunt* does not affect this case and the Court has correctly analyzed and applied res judicata in its dismissal decision.

### *Collins distorts Horton's clear and repeatedly stated position on the 1944 judgment.*

Collins claims that Horton has relied on the 1944 judgment "for the first time" in this proceeding. Collins knows this to be false. Horton has *always* asserted that the 1944 judgment established the boundaries of the James Hodge Survey, which includes Horton's property. The judgment was the basis of Horton's motion for summary judgment—which the trial court granted—in the state court litigation. *See* Exhibit B to Horton's 12(b)(6) motion to dismiss. Collins asserts no new facts or causes of action in this suit. The Court's dismissal order on res judicata grounds was correct and should be upheld.

## Conclusion

The Court was correct that res judicata applies to bar the claims here, and the Court should deny the motion to reconsider.

Respectfully submitted,

By:   /s/ Ben A. Baring, Jr.
PAUL J. McCONNELL, III
pmcconnell@dhmtlaw.com
State Bar No.: 13447500
Federal I.D. No.: 1749
BEN A. BARING, JR.
bbaring@dhmtlaw.com
State Bar No. 01739050
Federal I.D. No.: 1541
R. TRAVIS PIPER
tpiper@dhmtlaw.com
State Bar No.: 24070421
Federal I.D. No.: 1106341
1177 West Loop South, Suite 1700
Houston, Texas 77027
Phone No.: (713) 871-2000
Fax No.: (713) 871-2020

By:   /s/ Carl R. Dawson
CARL R. DAWSON
cdawson@rdlaw.com
State Bar No. 05599100
Federal I.D. No. 16860
770 South Post Oak Lane, Suite 600
Houston, Texas 77056
Phone No.: (713) 955-8368
Fax No.: (713) 960-8491

*ATTORNEYS FOR DEFENDANT
D. R. HORTON-TEXAS, LTD.*

OF COUNSEL:

DELANGE, HUDSPETH, MCCONNELL
& TIBBETS, L.L.P.
PAUL J. McCONNELL, III
pmcconnell@dhmtlaw.com
State Bar No.: 13447500
Federal I.D. No.: 1749
BEN A. BARING, JR.
bbaring@dhmtlaw.com
State Bar No. 01739050
Federal I.D. No.: 1541
R. TRAVIS PIPER
tpiper@dhmtlaw.com
State Bar No.: 24070421
Federal I.D. No.: 1106341
1177 West Loop South, Suite 1700
Houston, Texas 77027
Phone No.: (713) 871-2000
Fax No.: (713) 871-2020

RYAN & DAWSON
CARL R. DAWSON
cdawson@rdlaw.com
State Bar No. 05599100
Federal I.D. No. 16860
770 South Post Oak Lane, Suite 600
Houston, Texas 77056
Phone No.: (713) 955-8368
Fax No.: (713) 960-8491

## CERTIFICATE OF SERVICE

      The undersigned certifies that on the September 18, 2020, a true and correct copy of D. R. Horton-Texas, Ltd.'s Sur-Reply to Collins's Motion for Reconsideration was sent to the following attorneys of record by E-Service Notification through the electronic filing service provider:

| Toni L. Sharretts Collins | Toni L. Sharretts Collins<br>Law Office of Toni L. Sharretts Collins<br>11054 North Hidden Oaks<br>Conroe, Texas 77384<br>iceattorney@aol.com<br>*Attorneys for Plaintiff* |
|---|---|

                                              /s/ Ben A. Baring, Jr.
                                              Ben A. Baring, Jr.