IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES K. COLLINS, M.D., Plaintiff § | |
| § | |
| v. § | Civil Action No. H-20-1897 |
| § | |
| D R HORTON-TEXAS, LTD., Defendant § | |

## AFFIDAVIT AND TITLE OPINION OF TONI SHARRETTS COLLINS

Before me, the undersigned notary, on this day personally appeared Toni Sharretts Collins, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said:

1. "My name is Toni Sharretts Collins. I am capable of making this affidavit. I am over the age of twenty-one (21) years and have never been convicted of a felony or crime of moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am a licensed attorney since 2003, Vice-President of Land for Texas Independent Exploration, Inc. from 2000 - 2006, Certified Professional Landman since 1996, licensed Texas real estate agent and later broker since 1987, Title and Division Order Analyst analyst since 1980 and have drafted title opinions. I reviewed the title records and Certified Abstract of Title for the Frederick Sieberman Survey, A-497, Montgomery County, Texas (Sieberman Survey) from the sovereign for a title opinion.

3. I certify that the Sieberman Survey is an existing land survey without conflict to other surveys, which is properly patented in by the State of Texas, per the certified files of the Texas General Land Office (GLO), and whose record title from the sovereign is owned by James K. Collins, M.D. (Collins).

4. The Sieberman Survey boundaries are supported by two field surveys performed on the ground by metes and bounds in 1866 and 1878 by official Montgomery County surveyors establishing its location on the ground and no conflict with other contiguous GLO land surveys. To be clear, the GLO Sieberman Survey does not conflict with the GLO James Hodge Survey, A-19, Montgomery County, Texas (Hodge Survey). The Sieberman Survey and Hodge Survey are *mutually exclusive as to land location and title ownership.*

5. The Sieberman Survey record title owners were never in privity nor had any common source of title with the record title owners of the Hodge Survey.

6. It is my opinion that Collins is the record title owner from the sovereign of the Sieberman

Survey through the *mense* conveyances of the Siebeman Survey from James Collins and Vernon Evans. This is based upon my title analysis of the corroborating records of: a) the certified abstract of title filed with this Court, b) GLO, c) district courts, d) probate courts, e) Montgomery county property, plat and tax departments, f) Texas Railroad Commission, g) City of Conroe, h) EHRA Engineers, and i) D.R. Horton-Texas, Ltd. (Horton).

7. It is undisputed that the Sieberman Survey record title owners were never joined in or noticed of the United States District Court for the Southern District of Texas case no. 666 in 1941 nor the final federal judgment rendered for the Hodge Survey owners in 1944 for that case. The 1944 federal final judgment resulted in *enlarging* the one-league GLO Hodge Survey, A-19, by adding the Sieberman Survey land through a surreptitious land description of the metes and bounds for Hodge Survey by only the Hodge Survey owners that usurped the GLO Sieberman Survey improperly without naming the GLO Sieberman Survey, patented boundary markers or owners. The GLO did not ratify, support, or was noticed of the survey boundaries reflected in the 1944 federal judgment that are contrary to its records.

8. In about June 2016, for the first time, the Sieberman Survey owners, Collins, discovered the 1944 federal judgment improperly deprived Sieberman Survey owners of their land without due process when Horton filed a quiet title suit in state court citing the 1944 federal judgment as its sole basis for title to the Sieberman Survey. Horton claimed it owned the Sieberman Survey land because Horton bought Hodge Survey land in Dec. 2012 and the Sieberman Survey land was a part of Horton's *Hodge Survey* because it was described in the 1944 federal judgment rendered for, by and between only the Hodge Survey owners.

9. Since, the 1944 federal judgment is void as a matter of law in the absence of personal jurisdiction as to the Sieberman Survey owners and land, in 2020 Collins properly and timely moved to vacate the void 1944 federal judgment in this court of original decree.

10. It is undisputed that no adverse possession of the Sieberman Survey is or has been claimed or asserted by Horton or Horton's predecessors in title.

11. Collins is the successor in interest to the parties of the original decree. The Sieberman Survey record title owners were not served, joined, noticed or mentioned in the 1941 federal suit cause no. 666 nor the associated 1944 federal judgment for and between the only the Hodge Survey owners that deprived the Sieberman owners without due process of their land, of which Collins' learned in June 2016. The 1944 federal judgment has never been vacated by the requisite district court that in the action in which the original judgment was entered. Collins is personally aggrieved by the 1944 void judgment and injured by Horton's improper claim to Collins' Sieberman Survey. Further affiant sayeth not."

_____
Toni Collins

Subscribed and sworn to before me by Toni Collins on this the 1st day of March, 2021.

_____
Notary Public in and for the State of Texas



TREY CHRISTEN SHARRETTS
Notary Public, State of Texas
Comm. Expires 09-26-2023
Notary ID 132189521